# United States District Court
for the
## Southern District of New York
### Related Case Statement

---

**Full Caption of Later Filed Case:**

Trucking Association of New York

| Plaintiff | Case Number |
|---|---|
| vs. | 1:24-Civ-04111 |
| Metropolitan Transportation Authority, Triborough Bridge and Tunnel Authority, Letita James, in her capacity as Attorney General for the State of New York | |
| Defendant | |

**Full Caption of Earlier Filed Case:**

(including in bankruptcy appeals the relevant adversary proceeding)

Elizabeth Chan, Tamara Hoffman, Rachel Ehrenpreis, Chaim Katz, Winnie Cheung, Meir Ehrenpreis, John Bailey, Sean Carney, Luis Diaz, and Families for a Better Plan for Congestion

| Plaintiff | Case Number |
|---|---|
| vs. | 1:23-Civ-10365-LJL |
| United States Department of Transportation, Federal Highway Administration, the Metropolitan Transportation Authority, Triborough Bridge and Tunnel Authority, Shailen Bhatt, in his official capacity as Administrator of the Federal Highway Administration, RICHARD J. MARQUIS, in his official capacity as Division Administrator of the New York Division of the Federal Highway Administration, Nicholaus A. Choubah, P.E. in his official capacity as Chief Engineer for the New York State Department of Transportation, William J. Carry, in his official capacity as Assistant Commissioner for Policy for the New York City Department of Transportation, | |
| Defendant | |

IH-32 Rev: 2014-1

Status of Earlier Filed Case:

☐ Closed  (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

✓ Open  (If so, set forth procedural status and summarize any court rulings.)

Chan has been designated related to two additional cases challenging the congestion pricing program: Mulgrew v. U.S. Dep't of Transp., No. 24 Civ. 1644 (LJL) ("Mulgrew"); New Yorkers Against Congestion Pricing Tax v. U.S. Dep't of Transp., No. 24 Civ. 367 (LJL) ("New Yorkers"); see also Chan, ECF 8; New Yorkers, ECF 3, 25; Mulgrew, ECF 44. The parties have briefed and argued motions to dismiss and for summary judgment concerning claims unrelated to the overlapping ones that make Truckers related. ECF 87, 89. Earlier in the proceedings, Judge Liman deferred briefing on those constitutional claims across the cases, Chan, ECF 31, Mulgrew, ECF 44, and the parties have not yet started briefing those claims. Finally, Truckers has filed a request for a preliminary injunction based in part on those overlapping constitutional claims. Truckers, ECF 4.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

In determining whether cases are related, a court considers whether "the actions concern the same or substantially similar parties, property, transactions or events; there is substantial factual overlap; the parties could be subjected to conflicting orders; and whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties or witnesses." R. 13(a)(1)(A)–(D), Rules for the Division of Business. Counsel have a "continuing duty" to bring to the Court's attention "all facts which said attorney believes are relevant to a determination" of relatedness and "shall notify the Judges to whom the cases have been assigned." L.R. 1.6(a).

This case easily meets the standard for relatedness to Chan and Mulgrew. The cases challenge the legality of the Manhattan Central Business District Tolling Program. Truckers, ECF 1 ¶¶ 1-7; Chan, ECF 39 ¶¶ 1-25; Mulgrew, ECF 19 ¶¶ 1-2. The cases include Dormant Commerce Clause and Right to Travel claims, risking inconsistent results if they are heard separately. Truckers, ECF 1 ¶¶ 76-92; Chan, ECF 39 ¶¶ 185-201; Mulgrew, ECF 19 ¶¶ 161-175. Finally, the cases assert those constitutional claims against similar defendants. Truckers, ECF 1 ¶¶ 16-17; Chan, ECF 39 ¶¶ 40-41; Mulgrew, ECF 19 ¶¶ 66-67.

The efficiencies gained from marking these cases related exists even though certain of the causes of action between the two cases and defendants do not overlap. Truckers, ECF 1 ¶¶ 18, 93-99; Chan, ECF 39 ¶¶ 38-39, 41-45, 144-184, 202-210; Mulgrew, ECF 19 ¶¶ 62-65, 68-69, 145-160, 176-184.

Signature: *[signature]*                                   Date: May 30, 2024

Firm: Kaplan Hecker & Fink LLP